

United States Courts
Southern District of Texas
FILED
FEB 10 2017
David J. Bradley, Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TORRANCE VALENTINE, Individually; and FREDRICK ALSANDOR, Individually, <br>           *Plaintiffs*, <br><br> v. <br><br> DEPUTY K. MASON, Individually and in his official capacity, <br> DEPUTY J. REYES, Individually and in his official capacity, <br> HARRIS COUNTY, TEXAS <br>           Defendants. | §§§§§§§§§§§§§§§ | CIVIL ACTION NO.: 17-447 <br> JURY TRIAL DEMANDED <br><br> PLAINTIFFS' FIRST ORIGINAL COMPLAINT |

PLAINTIFFS' FIRST ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

    COMES NOW, Plaintiff, Torrance Valentine, Individually; and Fredrick Alsandor, Individually; Plaintiffs in the above-titled cause, and file their First Original Complaint against Defendants, Deputy K. Mason, Individually and in his official capacity; Deputy J. Reyes, Individually and in his official capacity; and Harris County, Texas and respectfully bring their causes of action before this Court.

I. INTRODUCTION

1. This is an action for Constitutional violations and state law claims suffered by Plaintiffs as a result of the unreasonable search and seizure of Plaintiffs. Plaintiffs bring this action for compensatory damages under 42 U.S.C. § 1983 because Defendants jointly and severally deprived Plaintiffs of their federally-protected right to be free from unreasonable search

and seizure and unreasonable force. U.S. CONST. amends. IV, XIV.

2. Plaintiffs bring this action through 42 U.S.C. § 1983 and § 1988.

3. As a direct result of the policies, practices, customs and procedures of Harris County, Texas ('Harris County'), Plaintiffs were intentionally deprived of their constitutional right to be free from unreasonable searches and seizures guaranteed to them by the Fourth Amendment to the United States Constitution. Defendants Deputy K. Mason and Deputy J. Reyes, peace officers acting in the course and scope of their employment with Harris County, Texas, and acting under color of state law, unjustifiably searched and seized Plaintiffs' persons and property under circumstances where no reasonable police officer would have done so. Under long established law on violating constitutional rights, Deputy K. Mason and Deputy J. Reyes are not entitled to qualified or other immunity for these actions.

## II. JURISDICTION AND VENUE

4. This action is brought pursuant to 42 U.S.C. § 1983 and § 1988 and the Fourth Amendment to the United States Constitution, made applicable to Defendants through the Fourteenth Amendment to the United States Constitution. This court has jurisdiction over Plaintiffs' claim under 28 U.S.C. § 1331 (federal question) and under 28 U.S.C. § 1343(3) (civil rights). This court further has jurisdiction over Plaintiffs' state law claims under 28 U.S.C. §1367 (supplemental jurisdiction) as those claims form part of the same case or controversy under Article III of the United States Constitution.

5. Venue lies in the U.S. Southern District of Texas, the district in which the claim arose, pursuant to 28 U.S.C. § 1391(b).

## III. PARTIES

6. Plaintiff, Torrance Valentine is an individual who lives in Houston, Texas.

7. Plaintiff, Fredrick Alsandor is an individual who lives in Houston, Texas.

8. Defendant K. Mason (Deputy K. Mason) is an individual residing in Harris County, Texas. The acts and omissions complained of herein arise from the conduct of Defendant K. Mason while he was acting under color of state law, and each act and omission was committed pursuant to K. Mason's employment and authority as a peace officer with Harris County. K. Mason may be served with process through the Harris County Attorney, located at 1019 Congress, 15th Floor, Houston, Texas 77002.

9. Defendant J. Reyes (Deputy J. Reyes) is an individual residing in Harris County, Texas. The acts and omissions complained of herein arise from the conduct of Defendant J. Reyes while he was acting under color of state law, and each act and omission was committed pursuant to J. Reyes employment and authority as a peace officer with Harris County. J. Reyes may be served with process through the Harris Cou            , located at 1019 Congress, 15th Floor, Houston, Texas 77002.

10. Defendant Harris County, Texas is a governmental entit operating pursuant to the Constitution and the laws of the State of Texas within the U.S. Southern District of Texas. Harris County, Texas may be served with process through the Harris County Attorney, 1019 Congress, 15th Floor, Houston, Texas 77002.

IV. FACTS

11. On February 11, 2015, Harris County Sheriff's Office Deputies K. Mason and J. Reyes initiated a traffic stop of Torrance Valentine's vehicle near the Falls of Bellaire Apartments located on 6700 Westbranch Drive, Houston, Harris County, Texas 77072, at approximately 12.30 p.m. for an alleged lack of display of a license plate. (Re: Internal Affairs Department Case Number 15-0141-0218)

12. The two deputies, Deputy K. Mason and Deputy J. Reyes forced Mr. Valentine and his passenger, Fredrick Alsandor to exit Valentine's vehicle. Valentine and Alsandor were restrained of their liberty by being placed in handcuffs. Deputy K. Mason later told Torrance Valentine that the he smelled marijuana inside Valentine's vehicle and asked if he could search the vehicle. Valentine told Deputy K. Mason that he does not smoke marijuana. Mr. Valentine then stated to Deputy K. Mason that if Deputy K. Mason smelled marijuana then Deputy K. Mason could "do whatever." Deputy K. Mason then told Torrance Valentine that he could tear the car up if he wanted to do so. Torrance Valentine responded that Deputy K. Mason could "do whatever."

13. Deputy K. Mason used constant profanity toward Torrance Valentine and asked Torrance Valentine whether Valentine had purchased the vehicle with his income tax refund. Torrance Valentine responded by telling Deputy K. Mason that he worked as a tattoo artist and as a barber. While the deputies were searching Torrance Valentine's vehicle and ripping apart the interior of the vehicle, Deputy K. Mason

4

sang an impromptu song about Torrance Valentine intentionally having babies so that he could receive welfare and more of an income tax refund so that he could buy cars and clothes for himself, and not take care of his children.

14. One of the two deputies involved in the alleged traffic stop, stated, "Back in the day we would have just slapped him in the mouth." Deputy K. Mason asked Deputy J. Reyes whether Valentine provided a driver's license and insurance. Deputy J. Reyes responded, "Yes, he provided his license and insurance." Deputy K. Mason, unbelievably, then told Deputy J. Reyes to, "Write that motherfucker a ticket for no driver's license and no insurance so that we can justify tearing his shit up." Torrance Valentine and Fredrick Alsandor then believed that the deputies were going to plant illegal drugs in Valentine's vehicle and take them to jail for illegal drug possession. Torrance Valentine also believed that his vehicle, which he had just purchased, would be seized by Harris County.

15. Deputy K. Mason can be heard on the audio recording asking one deputy whether his microphone was on. The deputy replied no. Deputy K. Mason then can be heard asking another deputy if they were "hot," as in recording. The deputy replied no. Deputy K. Mason can then be heard saying, "I can enjoy my traffic stop."

16. Deputies K. Mason and J. Reyes intentionally and wrongfully subjected Torrance Valentine and Fredrick Alsandor to public humiliation for over thirty (30) minutes and violated their rights under the Texas and United States Constitution. No marijuana or anything illegal was found on Valentine or Alsandor's person or in

5

Valentine's vehicle. Valentine and Alsandor were finally released with no citations issued by the deputies.

17. The entire incident was recorded on Torrance Valentine's smart phone. Torrance Valentine decided to record the stop because he had been subjected to similar treatment by law enforcement in the past numerous times.

18. Torrance Valentine filed an internal affairs complaint against Deputies K. Mason, J. Reyes and C. West. The allegations were "sustained" and "not sustained." (Re: Internal Affairs Department Case Number 15-0141-0218)

## DAMAGES

### V. PLAINTIFFS' CIVIL RIGHTS CLAIM

19. The Civil Rights Act, codified as 42 U.S.C. § 1983, provides as follows:

Every person who, under color of any statute, ordinance, regulation, custom or usage, of any state or territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or any other person within the jurisdiction thereof to the deprivation of any laws, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. 42 U.S.C. § 1983.

20. Plaintiffs allege that Defendants, jointly and/or severally, deprived Plaintiffs' of their Fourth Amendment rights, and those rights, privileges, and immunities secured by the Fifth and Eighth Amendments to the Constitution as incorporated and applied to the states through the Fourteenth Amendment.

6

Defendants violated Plaintiffs' rights in the following ways: (A) By unlawfully searching Plaintiffs persons and property and seizing Plaintiffs property, in violation of the Fourth Amendment and its reasonableness standard. and (B) By failing to provide supervision and/or proper training to prevent such misconduct by Deputies K. Mason and J. Reyes.

21. Defendants' violations of Plaintiffs' constitutional rights resulted in Plaintiffs' suffering and were a direct cause of Plaintiffs' damages.

    (1) PLAINTIFFS' FIRST CLAIM: 42 U.S.C. § 1983- PEACE OFFICER LIABILITY

22. Plaintiffs bring a claim against Deputies K. Mason and J. Reyes, individually as well as in their official capacity, pursuant to 42 U.S.C. § 1983 and for punitive damages.

23. At all material times, Deputies K. Mason and J. Reyes were acting under color of state law as agents and employees of Defendant, Harris County, Texas. Defendants were wearing their official Harris County Sheriff Department uniforms, and were acting in the course and scope of their duties as a Harris County Sheriff Deputies on February 11, 2015 when they pulled Torrance Valentine's vehicle over for an alleged traffic violation, forced Valentine and Alsandor out of the vehicle, placed them in handcuffs and harassed Valentine and Alsandor, as well as violating their constitutional rights.

24. Force is excessive, and therefore violates the Fourth Amendment, if it is not reasonable in light of the circumstances facing the officer. See *Graham v. Connor*, 490 U.S. 386, 398 (1989). The facts and circumstances of this case show that Defendants K. Mason and J. Reyes' acts were a violation of Plaintiffs' rights, were forceful and clearly were unreasonable.

25. Therefore, by using subjectively and objectively unreasonable actions while acting under color of state law, Deputies K. Mason and J. Reyes violated Plaintiffs' rights under the Fourth

and Fourteenth Amendments to the United States Constitution and caused them harm and damages.

(2) PLAINTIFFS' SECOND CLAIM: 42 U.S.C. § 1983- MUNICIPAL LIABILITY

26. Harris County, Texas is also liable under 42 U.S.C. § 1983 for failing to supervise and train its deputies, and for overlooking and covering up deputy misconduct. In addition, Harris County has a general policy, pattern and/or practice of not appropriately disciplining deputies for their misconduct, thereby sanctioning the deputies' actions, which amounted to a departmental policy of overlooking constitutional violations. Harris County's failure to supervise and train its deputies, and Harris County's willful blindness towards the constitutional violations committed by its employees, constitute gross negligence and/or deliberate and conscious indifference to people's rights, including the right to be free from unreasonable search and seizure and the constitutional rights conveyed to Plaintiffs as applied through 42 U.S.C. Sections 1983 and 1988.

27. Additionally, municipalities may be held liable under 42 U.S.C. § 1983 for constitutional torts that are committed pursuant to a policy, procedure, practice, or custom of the municipality. Even if Harris County's practice of overlooking constitutional torts was not authorized by an officially adopted policy, the practice may be so common and well-settled that it fairly represents official policy. See *Bd. of County Commis of Bryan County v. Brown*, 520 U.S. 397, 404 (1997).

28. In the present case, the Harris County's formal and informal actions in overlooking, hiding and/or tacitly encouraging deputy misconduct through other Harris County Sheriff Office deputies, and the IAD Department, reflect a policy, practice custom and procedure authorizing and allowing the use of actions that violated the civil rights of Plaintiffs. Consequently, Harris

8

County is liable for harm caused to others, such as Plaintiffs, as a result of its policies, practices customs and procedures.

29. Defendant Harris County is liable for the constitutional civil rights violations committed by Deputies K. Mason and J. Reyes because Harris County sanctioned the following customs, practices, and policies: (A) Using constitutional violations, to carry out otherwise routine arrests or stops; (B) Ignoring the serious need for training and supervision of its deputies in regards to knowing and respecting the constitutional rights of people; (C) Failing to appropriately discipline those persons whom are found to have engaged in the act of violating the constitutional rights of those entrusted to their care and/or under their control; (D) Failing to adequately supervise and/or observe its deputies; (E) Failing to discharge deputies who have shown a pattern or practice of violating constitutional rights or persons; and (F) Adopting a practice whereby deputies who are unfit for peace officer duties, as shown by prior actions in the line of duty, are allowed to retain their positions.

30. At the time of the stop of Torrance Valentine's vehicle on February 11, 2015 by Deputies K. Mason and J. Reyes, both deputies were acting pursuant to an official Harris County policy, practice, custom and procedure overlooking and/or authorizing peace officer's misconduct. See *Monell V. New York City Dept. of Social Servs.*, 436 U.S. 658, 659 (1978).

31. Thus, Harris County's policy of overlooking and covering up deputy misconduct was a direct cause of Plaintiffs' damages. In particular, Harris County's policy caused Plaintiffs to be deprived of their constitutional right to be free from unlawful searches and seizures under the Fourth and Fourteenth Amendments as applied through 42 U.S.C. Section 1983 and 1988.

A. Failure to Train

32. A city may be held liable for its failure to train a single police officer when the officer's acts were so egregious that the city should have had clear warning that the particular officer posed a danger to citizens. See *Pineda v. City of Houston*, 124 F. Supp. 2d 1057, 1068 (S.D. Tex. 2000).

33. By failing to appropriately discipline, supervise, or train Defendants Deputies K. Mason and J. Reyes, Harris County authorized or ratified Deputies K. Mason and J. Reyes wrongful acts both by acceptance of acts prior to and including those that caused Plaintiffs' damages.

34. Harris County's acts and omissions, when viewed objectively, involved an extreme degree of risk, considering the probability and magnitude of harm to others. Harris County had actual, subjective awareness of the risks involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others including those of Plaintiffs.

35. Thus, in light of the particular risk posed by Deputies K. Mason and J. Reyes, Harris County's failure to train Deputies K. Mason and J. Reyes constitutes gross negligence and/or deliberate and conscious indifference to the rights, safety, and welfare of others, including Plaintiffs.

(3) PLAINTIFFS' THIRD CLAIM: TEXAS TORT CLAIMS ACT

36. The allegations contained in the paragraphs 1 through 35 are incorporated herein by reference.

37. Alternatively, as a pendent state cause of action, Plaintiffs bring this action pursuant to the Texas Tort Claims Act, pursuant to TEX. CIV. PRAC. & REM. CODE §§ 101.021.

38. The false imprisonment by handcuffing and harassment of Plaintiffs was a direct and proximate result of the willful acts of Deputies K. Mason and J. Reyes. See paragraphs 1 through 35, supra.

Therefore, Plaintiffs elect to proceed with their State law claims solely against Harris County, Texas, as permitted by the Texas Tort Claims Act.

39. At all material times, Deputies K. Mason and J. Reyes were agents and employees of the Harris County and were acting within the course and scope of their employment with Harris County.

40. Pursuant to the Texas Tort Claims Act, Harris County had actual notice of the events giving rise to this lawsuit within the six-month period following the incident by, IAD Report signed off by J. Wagner, Lieutenant on behalf of Captain Pair of the Office of the Inspector General, TV News reports and a Notice of Claim letter received by the Harris County Attorney on August 10, 2015.

(4) PLAINTIFFS' FOURTH CLAIM - INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

41. Consequently, Plaintiffs allege an alternative pendent State law claim for intentional infliction of emotional distress, incorporating the allegations contained in Paragraphs 16 through 55 by reference.

42. Deputies K. Mason and J. Reyes acted intentionally, knowingly, and/or recklessly causing Plaintiffs' damages. Deputies K. Mason and J. Reyes conduct was committed intentionally, knowingly, and/or recklessly, and was the proximate cause of mental and emotional injuries to the Plaintiffs. Said injuries were the direct and immediate consequence of Deputies K. Mason and J. Reyes wrongful acts and a natural and direct result of their actions.

VI. PLAINTIFFS 'NEGLIGENCE CLAIMS

43. In the alternative to the above claims, Plaintiffs bring the following claims of negligence

against Harris County, Texas.

(1) PLAINTIFFS 'CLAIMS OF NEGLIGENT HIRING, TRAINING AND RETENTION AND GROSS NEGLIGENCE

44. Defendant Harris County knew of the magnitude of the risk involved in hiring Defendants Deputies K. Mason and J. Reyes, but Defendants nonetheless proceeded to hire and retain Deputies K. Mason and J. Reyes, acting with conscious indifference to the rights, safety, and welfare of others, including Plaintiffs.

45. Defendant Harris County's negligence includes, but is not limited to, the following acts and omissions: a) Defendants negligently hired Deputies K. Mason and J. Reyes, despite Harris County's knowledge that Deputies K. Mason and J. Reyes could harm citizens; b) Defendant, Harris County failed to screen, or adequately screen, Deputies K. Mason and J. Reyes; c) Defendants failed to train, or adequately train, Deputies K. Mason and J. Reyes; d) Defendant, Harris County failed to supervise, or adequately supervise, Deputies K. Mason and J. Reyes; and e) Defendant, Harris County negligently retained Deputies K. Mason and J. Reyes even though Harris County knew, or should have known, that Deputies K. Mason and J. Reyes posed a danger to citizens.

46. Each of the above listed acts and/or omissions, taken singularly or in any combination, rise to the level of gross negligence. Defendant, Harris County's acts and omissions, when viewed objectively from the standpoint of the actor at the time of its occurrence, involved an extreme degree of risk, considering the probability and magnitude of harm to others. Defendant, Harris County had actual, subjective awareness of the risk involved, but nevertheless proceeded

with conscious indifference to the rights, safety, or welfare of others. Therefore, Defendant, Harris County was grossly negligent, for which Harris County is liable for exemplary damages.

47. As a proximate result of the negligence and/or gross negligence of Defendant, Harris County, Plaintiffs were caused to suffer damages.

(2) RESPONDEAT SUPERIOR

48. At the time of the incident, Deputies K. Mason and J. Reyes were employees, agents, and/or servants of Defendants, Harris County. Deputies K. Mason and J. Reyes were acting within the course and scope of their employment with said Defendant, Harris County at the time of the incident made the basis of this lawsuit. As such, said Defendant, Harris County is responsible for the conduct of Deputies K. Mason and J. Reyes under the doctrine of respondeat superior due to the master-servant relationship which existed at the time of the incident made the basis of this lawsuit.

## VII. DAMAGES

49. In addition to the damages mentioned in the preceding paragraphs as a direct and proximate result of the intentional and unlawful conduct of Defendants, Plaintiffs have suffered, and in reasonable probability will continue to suffer damages.

## VIII. ATTORNEY'S FEES

50. Plaintiffs are entitled to recover attorney's fees and costs as required by the Civil Rights Attorney's Fees Award Act of 1976. 49 U.S.C. § 1988. Plaintiffs thereby request that the Court and jury award their attorney's fees and expenses.

## IX. JURY DEMAND

51. Plaintiffs respectfully demand a jury trial pursuant to FED. R. CIV. P. 8(b).

## X. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs respectfully request that Defendants be cited to appear and answer herein, and that Plaintiffs have judgment against Defendants, jointly and severally, for actual damages above the jurisdictional minimum of the Court; exemplary damages; pre-judgment interest; post-judgment interest, costs of court, attorney's fees and expenses and all other relief to which Plaintiffs are justly entitled, at law or in equity.

Respectfully submitted,

By:/s/ *André A. Wheeler*
André A. Wheeler
State Bar No: 24042341
Federal Bar No.: 610759
11106 Veterans Memorial, Suite D
Houston, TX 77067
(713) 660-9619 Phone
(281) 715-4627 Fax
andrewheeler_esq@yahoo.com
ATTORNEY FOR PLAINTIFFS